UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICELA TORRES, | : | |
| Plaintiff, | : | |
| vs. | : | No. 3:11cv1025(SRU)(WIG) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |
-------------------------------------------------------X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 24]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, Meryl Ann Spat, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further development of the record and additional administrative action.

Upon remand, the Appeals Council will assign the case to an ALJ who will be notified of the Plaintiff's subsequently-allowed claim. The ALJ will be directed to consolidate the records and to determine whether re-opening of the subsequently-allowed claim is warranted.

On remand, the ALJ will give further consideration to Plaintiff's maximum residual functional capacity and, in so doing, will fully evaluate all of the medical evidence of record, including the Medical Source Statement of Dr. Bravo, dated September 13, 2010. The ALJ will obtain testimony from a medical expert to assist in determining Plaintiff's residual functional capacity and in evaluating the entire administrative record., including Dr. Bravo's opinion. The ALJ will obtain testimony from a vocational expert to assist in determining whether any work Plaintiff has performed constitutes past relevant work (in terms of recency, duration, and substantial gainful activity), and whether she can still perform this work and/or other work that exists in substantial numbers in the national economy. Insofar as warranted by the expanded record, the ALJ should determine whether it is necessary to evaluate the issue of a failure to follow prescribed treatment in accordance with 20 C.F.R. § 416.930 and Social Security Ruling 82-59. Plaintiff will be provided with the opportunity for a new hearing at which she may submit additional relevant medical evidence. The ALJ will then issue a new decision.

Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 24]. This is not a Recommended Ruling. The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge. *See* Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under

Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this   14th   day of March, 2012, at Bridgeport, Connecticut.

                                                   /s/ *William I. Garfinkel*   
                                                  WILLIAM I. GARFINKEL  
                                                United States Magistrate Judge